**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
**CHARLES D. AUSTIN**
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7810
MDD_CDAChambers@mdd.uscourts.gov

July 9, 2026

LETTER TO ALL COUNSEL OF RECORD

Re:     *Trudi G. v. Frank Bisignano, Commissioner, Social Security Administration*
        Civil No. 25-01629-CDA

Dear Counsel:

On May 21, 2025, Plaintiff Trudi G. ("Plaintiff") petitioned this Court to review the Social Security Administration's ("SSA's" or "Commissioner's" or "Defendant's") final decision to deny Plaintiff's claim for Social Security benefits. ECF 1. This case was then referred to me with the parties' consent. *See* 28 U.S.C. § 636; Loc. R. 301 (D. Md. 2025). I have considered the record in this case and the parties' briefs. ECFs 8, 12, 15, and 16. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025). The Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will REVERSE the Commissioner's decision and REMAND the case to the Commissioner for further consideration. This letter explains why.

## I.      PROCEDURAL BACKGROUND

Plaintiff filed a Title II application for Disability Insurance Benefits ("DIB") on July 16, 2021, alleging a disability onset of December 23, 2020. Tr. 25. Plaintiff's claims were denied initially and on reconsideration. Tr. 103, 107. On December 11, 2023, an Administrative Law Judge ("ALJ") held a hearing. Tr. 25. Following the hearing, on April 29, 2024, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act[1] during the relevant time frame. Tr. 38. The Appeals Council denied Plaintiff's request for review, Tr. 3, so the ALJ's decision constitutes the final, reviewable decision of the SSA, *Sims v. Apfel*, 530 U.S. 103, 106–07 (2000); *see also* 20 C.F.R. § 422.210(a).

## II.     THE ALJ'S DECISION

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The ALJ must evaluate a claimant's disability determination using a five-step sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920. "Under this process, an ALJ evaluates,

---

[1] 42 U.S.C. §§ 301 et seq.

*Trudi G. v. Bisignano*
Civil No. 25-01629-CDA
July 9, 2026
Page 2

in sequence, whether the claimant: '(1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to [their] past relevant work; and (5) if not, could perform any other work in the national economy.'" *Kiser v. Saul*, 821 F. App'x 211, 212 (4th Cir. 2020) (citation omitted) (quoting *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012)).

At step one, the ALJ determined that Plaintiff "has not engaged in substantial gainful activity since December 23, 2020." Tr. 27. At step two, the ALJ found that Plaintiff suffered from the severe impairments of "lumbar spine disc bulges with L3-L4 bulges abutting nerve roots; obesity; and mild right knee degenerative changes." Tr. 27. The ALJ also determined that Plaintiff suffered from the non-severe impairments of "hypertension, hyperlipidemia, diabetes, disc bulge at T11-L1, vertigo, and adjustment disorder." Tr. 28. At step three, the ALJ determined that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." Tr. 29. Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) except the claimant can occasionally climb ramps and stairs and balance. She can never climb ladders, ropes, or scaffolds. She can frequently stoop, kneel, crouch, and crawl.

Tr. 31. The ALJ determined that Plaintiff is capable of performing past relevant work as a group health account manager (DOT[2] #209.137-018). Tr. 37. Therefore, the ALJ concluded that Plaintiff was not disabled. Tr. 38.

## III.   LEGAL STANDARD

The Court's review is limited to determining whether substantial evidence supports the ALJ's factual findings and whether the decision was reached through the application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). "The findings of the [ALJ] . . . as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). It is "more than a mere scintilla . . . and somewhat less than a preponderance." *Id.* In conducting the "substantial evidence" inquiry, my review is limited to whether the ALJ analyzed the relevant evidence and sufficiently explained their findings and rationale in crediting the evidence. *See, e.g.*, *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997); *DeLoatche v. Heckler*,

---

[2] The "DOT" is the Dictionary of Occupational Titles. "The *Dictionary of Occupational Titles*, and its companion, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles . . .* , are [SSA] resources that list occupations existing in the economy and explain some of the physical and mental requirements of those occupations. U.S. Dep't of Labor, *Dictionary of Occupational Titles* (4th ed. 1991); U.S. Dep't of Labor, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* (1993)." *Pearson v. Colvin*, 810 F.3d 204, 211 n.1 (4th Cir. 2015).

*Trudi G. v. Bisignano*
Civil No. 25-01629-CDA
July 9, 2026
Page 3

715 F.2d 148, 150 (4th Cir. 1983) ("Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the [ALJ].").

## IV.    ANALYSIS

Plaintiff raises two arguments on appeal: (1) that the ALJ's decision was not supported by substantial evidence, and (2) that proper legal standards were not applied in assessing Plaintiff's limitations. ECF 12, at 3, 4, 7. Specifically, Plaintiff contends that the ALJ failed to perform a function-by-function assessment of Plaintiff's ability to perform the physical and mental demands of work before assessing her capabilities in the RFC. *Id.* at 11. Defendant counters that not only does Plaintiff fall short of her burden in proving her disability, the ALJ's analysis was well-reasoned and "buil[t] an accurate and logical bridge from the evidence to the conclusion." ECF 15, at 1 (citing *Monroe v. Colvin*, 826 F.3d 176, 189 (4th Cir. 2016)).

After carefully reviewing the record, the Court finds the ALJ's RFC assessment erroneous. A claimant's RFC represents "the most [they] can still do despite [their] limitations." 20 C.F.R. § 416.945(a). In assessing RFC, an ALJ must "consider all of the claimant's 'physical and mental impairments, severe and otherwise, and determine, on a function-by-function basis, how they affect [the claimant's] ability to work.'" *Thomas v. Berryhill*, 916 F.3d 307, 311 (4th Cir. 2019) (quoting *Monroe v. Colvin*, 826 F.3d 176, 188 (4th Cir. 2016)). Pursuant to Social Security Ruling ("SSR") 96-8p, an RFC assessment must include an evaluation of a claimant's ability to perform the physical functions listed in 20 C.F.R. § 416.945(b), including "sitting, standing, walking, lifting, carrying, pushing, pulling, or other physical functions" that "may reduce [a claimant's] ability to do . . . work." 20 C.F.R. § 416.945(b); *see* SSR 96-8p, 1996 WL 374184, at *5 (July 2, 1996).

Only after such an analysis may an ALJ express RFC in terms of the exertional level of work that the ALJ believes the claimant can perform. *See Dowling v. Comm'r of Soc. Sec. Admin.*, 986 F.3d 377, 387 (4th Cir. 2021). As *Dowling* explains, "every conclusion reached by an ALJ when evaluating a claimant's RFC must be accompanied by 'a narrative discussion describing [ ] the evidence' that supports it." *Id.* (alteration in original) (citation omitted). Thus, an ALJ must identify evidence that supports their conclusions and build an accurate and logical bridge from that evidence to their conclusions. *See Woods v. Berryhill*, 888 F.3d 686, 694 (4th Cir. 2018).

Plaintiff insists that the ALJ failed to analyze Plaintiff's ability to sit, despite testimony and medical records that show Plaintiff's impaired capacity for sitting. ECF 12, at 11. Plaintiff alleges that she is disabled in part due to limitations with prolonged sitting. *Id.* at 11-12 (citing Tr. at 33, 50, 56, 68, 106, 111, 220, 278, 280, 278, 344, 359, 378). She has maintained that these sitting limitations prevent her from performing past work or any other sedentary occupations in the national economy. *Id.* at 11. Despite Plaintiff's representations, the ALJ found that she was not disabled because she is capable of performing past work as a Group Health Account Manager, which is a sedentary occupation. *Id.* at 12. Plaintiff argues that the ALJ found her capable of performing the requirements of the sedentary occupations without having conducted a function-by-function analysis of Plaintiff's sitting capacity. *Id.*

*Trudi G. v. Bisignano*
Civil No. 25-01629-CDA
July 9, 2026
Page 4

The Court agrees that the ALJ committed reversible error by failing to explain how the evidence supports the RFC's implicit conclusion regarding Plaintiff's ability to sit. First, the ALJ considered the testimony of Plaintiff and her husband. Tr. 34. Plaintiff testified that "sitting at a computer is hard" and that "she cannot sit long or bend." Tr. 32. Similarly, Plaintiff's husband testified that Plaintiff "cannot lift, bend, or twist." Tr. 33. The ALJ found that this testimony was not entirely consistent with the medical evidence. *Id.*

Next, the ALJ considered the medical opinions of the Disability Determination Services' ("DDS") medical and psychological consultant's opinions in the Disability Determination Explanations ("DDEs") and of Dr. Perfecto Valarao.[3] The ALJ found the opinion of the DDEs largely persuasive. The DDEs stated that Plaintiff has "several lumbar spinal stenosis" and "is capable of light exertion *with postural limitations*." Tr. 36 (emphasis added). Next, the ALJ found the opinion of Dr. Valarao unpersuasive because they did not provide any functional limitations. *Id.* However, the ALJ noted that Dr. Valarao's observations of Plaintiff "support limiting [Plaintiff] to light exertion with postural limitations." *Id.*

The Court agrees with Plaintiff that the ALJ's RFC lacks the support of substantial evidence. Light work may "involve[] sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do *substantially all* of these activities." 20 C.F.R. § 404.1567(b) (emphasis added). Here, the ALJ limited Plaintiff to performing light work with some restrictions on climbing with any mention of Plaintiff's ability to sit, push, or pull. Yet, the ALJ found the opinion of the DDEs largely persuasive—those opinions concluded that Plaintiff required postural limitations. The ALJ also found Dr. Valarao's identical suggestion consistent with the record. Despite this, the ALJ offered no explanation for this incongruity in its conclusions. Nothing in the analysis permits the Court to understand how, despite these other medical opinions it found largely persuasive and/or consistent with the record, the ALJ ultimately determined that Plaintiff could perform the sitting requirements of light work. Because the inconsistency between the ALJ's analysis and the RFC "frustrate[s] meaningful review" of the ALJ's decision, remand is appropriate." *Mascio v. Colvin*, 780 F.3d 632, 636 (4th Cir. 2015).

The potential harm from this error is palpable. For the reasons stated above, this is conflicting evidence surrounding Plaintiff's ability to sit for prolonged periods of time and the ALJ's finding that she can perform her past relevant work, which the DOT classifies as "sedentary work as generally performed." SSA regulations require the ALJ to "explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved." SSR 96-8p, 1996 WL 374184, at *7 (July 2, 1996). Because the ALJ's evaluation of this evidence "was internally inconsistent," and there appears to be no reconciliation of these inconsistencies, the Court's ability to trace the ALJ's reasoning is impeded, making remand necessary. *Rodney G.*

---

[3] The ALJ also considered the opinion of Dr. Amber Penuel, who performed a psychological exam on Plaintiff. Because the Plaintiff's mental impairments are not raised in Plaintiff's briefing nor relevant to the assessment of her physical impairments, I do not discuss the ALJ's weighing of Dr. Penuel's opinions in crafting the RFC.

*Trudi G. v. Bisignano*
Civil No. 25-01629-CDA
July 9, 2026
Page 5

*v. Kijakazi*, No. BAH-22-3007, 2023 WL 6465436, at *4 (D. Md. Oct. 3, 2023) (citing *Mallett v. Berryhill*, No. 5:18-CV-241-D, 2019 WL 2932776, at *4 (E.D.N.C. June 17, 2019)).

It is true that the Fourth Circuit has declined to adopt a *per se* rule requiring remand when an ALJ fails to perform an explicit function-by-function analysis. *See Mascio*, 780 F.3d at 636. However, when a function is "critically relevant to determining [a claimant's] disability status," remand for failure to perform such an analysis is appropriate. *Dowling*, 986 F.3d at 389. Had the ALJ properly evaluated Plaintiff's ability to sit, they may have found Plaintiff to possess greater limitations that, in turn, could have altered the ultimate disability determination.

Because the case is being remanded on other grounds, I need not address Plaintiff's other argument. On remand, the ALJ is welcome to consider these arguments and make any required adjustments to the opinion. Additionally, in remanding for further explanation, the Court expresses no opinion as to whether the ALJ's conclusion that Plaintiff is not entitled to benefits is correct.

V.    **CONCLUSION**

For the reasons set forth herein, pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is REVERSED due to inadequate analysis. The case is REMANDED for further proceedings in accordance with this opinion. The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion. A separate implementing Order follows.

Sincerely,

/s/

Charles D. Austin
United States Magistrate Judge